IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FUNCTIONAL GOVERNMENT INITIATIVE,<br>6218 Georgia Avenue, NW, Ste. 1-1235<br>Washington, DC  20011-5125,<br><br>        Plaintiff,<br><br>v.<br><br>SMALL BUSINESS ADMINISTRATION<br>409 Third St. SW<br>Washington, DC 20416,<br><br>        Defendant. | Civil Action No. 25-3728 |

## COMPLAINT

Plaintiff Functional Government Initiative ("FGI") brings this action against Defendant Small Business Administration ("SBA"), to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  As grounds therefor, Plaintiff alleges the following:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff FGI is nonprofit corporation, exempt from federal income taxes under section 501(c)(3) of the U.S. Internal Revenue Code.  FGI is dedicated to improving the American public's access to information about the officials, decisions, actions, and priorities of their government.

1

4.      Defendant Small Business Administration is an agency of the United States Government within the meaning of 5 U.S.C. § 552(f)(1) and is headquartered at 409 Third St., S.W., Washington, D.C. 20416.  Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.      FGI routinely submits FOIA requests, and this matter concerns two FOIA requests submitted to Defendant, to which Defendant has failed to respond.  The requests seek records related under the purview of the agency and would give the public significantly more transparency into the work the agency is doing.

6.      Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant is required to respond to FGI's FOIA requests within 20 working days of each request, but that deadline is extended to no more than 10 working days if there are "unusual circumstances" as defined by 5 U.S.C. § 552(a)(6)(B)(iii).

7.      Former Attorney General Merrick Garland stated that the FOIA is "a vital tool for ensuring transparency, accessibility, and accountability in government," and that the "'basic purpose … is to ensure an informed citizenry,' which is 'vital to the functioning of a democratic society [and] needed to check against corruption and to hold the government accountable to the governed.'"  Merrick Garland, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines* at 1 (Mar. 15, 2022).

8.      With regards to FGI's FOIA requests, the statutory deadline has passed, and Defendant has failed to provide a substantive response to the FOIA requests.  In fact, as of the date of this Complaint, Defendant has produced no records and has failed to assert any claims that responsive records are exempt from production.

9.     Since Defendant has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A)(i), FGI is deemed to have fully exhausted any and all administrative remedies with respect to its FOIA requests.  *See* 5 U.S.C. § 552(a)(6)(C).

## A.     FGI'S FOIA REQUEST FOR RECORDS REGARDING LOANS TO PLANNED PARENTHOOD.

10.     On June 30, 2025, FGI submitted a FOIA request online to Defendant.  *See* Exhibit A.  The request sought "records of communications about any loan, loan application, or any program administered by the SBA that also have any of the following search terms:

- "Planned Parenthood"
- "PP" (as a stand-alone word)
- "P.P."
- "Benghazi"

The request sought the records from the following custodians:

- Isabel Casillas Guzman, former Administrator
- Dilawer Syed, former Deputy Administrator
- Arthur Plews, former Chief of Staff
- Peggy Delinois Hamilton, former General Counsel
- Juan M. Sempertegui, former Deputy General Counsel
- Sam Le, Director of Policy Planning and Liaison
- Diedra Henry-Spires, former Senior Advisor for COVID Programs
- Remi Roberts, former White House Liaison
- Jonathan Alter, former Senior Advisor for Policy and Planning
- Han Nguyen, Associate Administrator, Office of Communications and Public Liaison
- George Holman, Associate Administrator, Office of Congressional and Legislative Affairs
- Jackie Robinson-Burnette, former Associate Administrator, Office of Government Contracting and Business Development
- Larry Stubblefield, Deputy Associate Administrator, Office of Government Contracting and Business Development
- Anybody formerly serving as the head of the Office of Government Contracting
- Anybody formerly serving as the head of the Office of Business Development
- Francisco Sanchez Jr., former Associate Administrator, Office of Disaster Recovery and Resilience
- Aditi Dussault, former Associate Administrator, Office of Entrepreneurial Development

- Kate Aaby, former Chief Financial Officer

The time period covered by the FOIA request was January 20, 2021 until January 20, 2025. The responsive records would provide increased transparency into the agency's operations.

11. On June 30, 2025, Defendant sent an email to FGI acknowledging the FOIA request and assigning it tracking number, SBA-2025-004078. *See* Exhibit B.

12. Defendant sent FGI a letter dated July 18, 2025, in which it said it had performed a search of some of the identified custodians, and that the remainder of the request was under review. *See* Exhibit C.

13. As of the date of this Complaint, Defendant has failed to produce any responsive records, nor has it asserted any claims that responsive records are exempt from production.

**B.  FGI'S FOIA REQUEST FOR RECORDS REGARDING COMMUNITY NAVIGATOR PILOT PROGRAM.**

14. On May 30, 2025, FGI submitted a FOIA request online to Defendant. *See* Exhibit D. The request sought "records of communications of former Associate Administrator, Mark Madrid, Office of Entrepreneurial Development, related to the Community Navigator Pilot Program (CNPP)." The time period covered by the FOIA request was January 1, 2022 until December 31, 2022. The responsive records would provide increased transparency into the agency's expansion and implementation of its functions.

15. In an email dated May 30, 2025, Defendant acknowledged receipt of the FOIA request and assigned the request number SBA-2025-003670. *See* Exhibit E.

16. As of the date of this Complaint, Defendant has failed to produce any responsive records, nor has it asserted any claims that responsive records are exempt from production.

## CAUSE OF ACTION
### (Violation of FOIA, 5 U.S.C. § 552)

17. Plaintiff realleges paragraphs 1 through 16 as though fully set forth herein.

18. Defendant has failed to make a determination regarding FGI's FOIA requests for records within the statutory time limit and are unlawfully withholding records requested by FGI pursuant to 5 U.S.C. § 552.

19. FGI is being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and FGI will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Functional Government Initiative requests that the Court grant all appropriate relief for the violations of FOIA alleged above, including:

a. An order and judgment requiring the Defendant to conduct a search for any and all records responsive to FGI's FOIA requests and to demonstrate that it employed search methods reasonably likely to lead to the discovery of all records responsive to FGI's requests;

b. An order and judgment requiring the Defendant to produce, by a date certain, any and all non-exempt records responsive to FGI's FOIA requests and a *Vaughn* index of any responsive records withheld under claim of exemption;

c. An order and judgment permanently enjoining the Defendant from continuing to withhold any and all non-exempt records in this case that are responsive to FGI's FOIA requests;

d. Attorneys' fees and costs to Plaintiff pursuant to any applicable statute or authority, including 5 U.S.C. § 552(a)(4)(E); and

e. Any other relief that this Court in its discretion deems just and proper.

Dated:  October 21, 2025

          */s/ Jeremiah L. Morgan*
Jeremiah L. Morgan
(D.C. Bar No. 1012943)
William J. Olson
(D.C. Bar No. 233833)
William J. Olson, P.C.
370 Maple Avenue West, Suite 4
Vienna, VA 22180-5615
703-356-5070 (telephone)
703-356-5085 (fax)
jmorgan@lawandfreedom.com
*Counsel for Plaintiff*
FUNCTIONAL GOVERNMENT INITIATIVE